UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK G. MELLON,

        Plaintiff,

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

No. C-06-0638 EMC

**ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY'S FEES**

**(Docket No. 18)**

      William Kuntz, counsel for Plaintiff Mark Mellon, seeks an award of attorney's fees of $3,962.25. No opposition or response to the motion was filed by Mr. Mellon himself. Defendant the Commissioner of Social Security filed a response that purportedly takes no position as to whether the requested fee is reasonable but notes certain factors for the Court's consideration. Having reviewed the parties' briefs and accompanying submissions, including the supplemental brief filed by Mr. Kuntz as requested by the Court, the Court hereby **GRANTS** Mr. Kuntz's motion for fees.[1]

## I.   FACTUAL & PROCEDURAL BACKGROUND

      Mr. Kuntz represented Mr. Mellon in the instant action, in which Mr. Mellon sought review of an adverse decision by the Commissioner. Previously, Mr. Mellon had signed a contingency fee agreement with Mr. Kuntz pursuant to which Mr. Kuntz would receive 25% of all past-due benefits recovered. *See* Kuntz Decl. ¶ 2 & Ex. 1 (agreement, dated June 20, 2001) ("Client agrees that . . . if

---

[1] The parties waived a hearing on the motion. *See* Docket Nos. 22, 24.

a Federal Court favorably decides this claim, client will pay attorney a fee equal to 25% of all past due benefits resulting from the favorable decision . . . .").

Mr. Mellon's lawsuit against the Commissioner was filed on January 30, 2006. Thereafter, the parties filed cross-motions for summary judgment, and, on November 29, 2006, the Court issued an order remanding the case based on the ALJ's failure to consider third-party lay testimony. *See* Docket No. 14. Subsequently, the parties stipulated to attorney's fees to Mr. Mellon in the amount of $1,746 under the Equal Access to Justice Act ("EAJA"). *See* Docket Nos. 16-17.

In or about September 2007, Mr. Mellon was notified that, on remand, a decision had been made by the Social Security Administration in his favor. *See* Kuntz Decl., Exs. 3A-B. Mr. Mellon was awarded past-due benefits in the amount of $43,849. *See* Kuntz Decl. ¶ 4; Supp. Br., Ex. A. Based on the past-due benefits award, Mr. Kuntz moved for fees under 42 U.S.C. §§ 406(b) and 1383(d)(2).

## II. **DISCUSSION**

Attorney's fees may be awarded to a successful social security claimant's lawyer for his or her representation before a court pursuant to Title II and Title XVI. *See* 42 U.S.C. §§ 406(b), 1383(d)(2). In an action for past-due benefits under 42 U.S.C. § 406(b) (Title II), "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Gisbrecht*, 535 U.S. at 794. Section 1383(d)(2) (Title XVI) incorporates § 406(b) by reference and applies in largely the same manner.[2] *See id.* § 1383(d)(2) (stating that the provisions of § 406 -- other than subsections (a)(4) and (d) thereof -- shall apply to this part to the same extent as they apply in the case of title II).

---

[2] Section 1383(d)(2) only applies, however, to favorable judgments obtained after the effective date of the statute, which was February 28, 2005. *See* Social Security Protection Act of 2004, Pub. L. No. 108-203, § 302(c), 118 Stat. 493 (2004) ("The amendments made by this section shall apply with respect to fees for representation of claimants which are first required to be paid . . . on or after [the effective date]."). Here, there is no dispute that a favorable judgment was obtained after this date.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court "clarified the legal framework to be used for awarding attorney's fees under § 406(b) for the successful in-court representation of a Social Security benefits claimant who has signed a contingent-fee agreement." *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005). The Supreme Court explained that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In assessing whether a contingency fee agreement is reasonable, "[c]ourts . . . have [considered] the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. For example, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.*

As noted above, in the instant case, Mr. Mellon entered into a contingency fee agreement with Mr. Kuntz pursuant to which Mr. Kuntz would receive 25% of all past-due benefits recovered. Mr. Mellon was ultimately awarded past-due benefits in the amount of $43,849; twenty-five percent of that amount is $10,962.25. In October 2007, Mr. Kuntz was awarded fees in the amount of $7,000 for his representation of Mr. Mellon before the agency (*i.e.*, instead of the Court). *See* Kuntz Decl., Ex. 9; 42 U.S.C. § 406(a)(2); *see also* Supp. Br. at 2 & Ex. A. Mr. Kuntz therefore only seeks the balance of $3,962.25 for his representation of Mr. Mellon before this Court (*i.e.*, $10,962.25 - $7,000 = $3,962.25).

The Court concludes that the attorney's fees sought by Mr. Kuntz are reasonable within the meaning of § 406(b) and *Gisbrecht*. Mr. Kuntz declares that he spent 10 hours and 40 minutes (*i.e.*, 10.67 hours) working on the merits of this action in this Court. *See* Kuntz Decl. ¶ 5 & Ex. 4. Such an amount of time is reasonable and reflects the relative simplicity of the issues presented before the Court. The effective hourly rate of $371.34 is reasonable considering the contingent nature of the representation, the experience of counsel, and the results achieved.[3] *See* Kuntz Decl., Ex. 7

---

[3] Mr. Kuntz claims that he does not have a noncontingent rate. *See* Kuntz Decl. ¶ 6 (claiming that all work he does is done on a contingency fee basis).

(reflecting receipt of J.D. in 1991). The Court notes that, in other cases, higher hourly rates have been approved for a comparable amount of legal work performed. *See, e.g.*, *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1034-35 (C.D. Cal. 2006) (approving hourly rate of $600 for 7.55 hours of time).

Mr. Kuntz has already received $1,746 in fees under the EAJA, and any award under § 406(b) must be reduced by that amount. *See Gisbrecht*, 535 U.S. at 796 (stating that Congress harmonized awards for attorney's fees under the EAJA with awards under § 406(b) by requiring the claimant's attorney "to refun[d] to the claimant the amount of the smaller fee"). Accordingly, the Court orders that Mr. Kuntz be allowed to collect attorney's fees in the amount of $3,962.25 under § 406(b) and that counsel shall reimburse Mr. Mellon the $1,746 already received pursuant to the EAJA.

### III. CONCLUSION

For the foregoing reasons, Mr. Kuntz's motion for fees is granted.

This order disposes of Docket No. 18.

IT IS SO ORDERED.

Dated: February 25, 2008

EDWARD M. CHEN
United States Magistrate Judge